**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |  |
|---|---|---|
| TRUSTEES OF THE IRON WORKERS LOCAL UNION NO. 5 AND IRON WORKERS EMPLOYERS ASSOCIATION, EMPLOYEE PENSION TRUST, *et al.*, | * * * | |
| Plaintiffs, | * | Case No.: PWG-17-3285 |
| v. | * | |
| MOXY MISC. METALS, LLC, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, who filed suit against Defendant Moxy Misc. Metals, LLC (Moxy") for ERISA violations, entered into a settlement agreement ("Release") with Moxy on December 19, 2018, requiring in pertinent part that Defendant pay to Plaintiffs a sum of $100,000. Richardson Decl. ¶ 2, ECF No. 31-2; Release 1, Richardson Decl. Ex. A, ECF No. 31-2, at 5. To date, no such payment has been made, nor has Defendant provided information as to when payment can be expected. Richardson Decl. ¶ 6. Plaintiffs now seek enforcement of the Release. ECF No. 31. Defendant has not filed a response to Plaintiffs' Motion, and the time for doing so has passed. *See* Loc. R. 105.2(a). A hearing is not necessary. *See* Loc. R. 105.6. Because the parties reached an agreement and its terms are readily discernible, Plaintiffs' Motion is granted.

**Enforcing Settlement Agreement**

"To enforce a settlement agreement under its inherent equity power, [a] district court '(1) must find that the parties reached a complete agreement and (2) must be able to determine its terms

and conditions.'" *Swift v. Frontier Airlines, Inc.*, 636 F. App'x 153, 154–55 (4th Cir. 2016) (per curiam) (quoting *Hensley v. Alcon Labs., Inc.*, 277 F.3d 535, 540–41 (4th Cir. 2002)). Under Maryland law, "[s]ettlement agreements are enforceable as independent contracts, subject to the same general rules of construction that apply to other contracts." *Maslow v. Vanguri*, 896 A.2d 408, 419 (Md. Ct. Spec. App. 2006). To rule on a motion to enforce a settlement agreement, a court need not hold an evidentiary hearing, unless "substantial factual dispute over either the agreement's existence or its terms" exists. *Swift*, 636 F. App'x at 156; *see also* Loc. R. 105.6.

As the Release provides undisputed evidence of offer, agreement, and mutual consideration, I find that an enforceable contract exists. *See CTI/DC, Inc. v. Selective Ins. Co. of Am.*, 392 F.3d 114, 123 (4th Cir. 2004) (elements of contract) (citing *Peer v. First Fed. Sav. & Loan Ass'n of Cumberland*, 331 A.2d 299, 301 (Md. 1975)). The Release's essential terms are clear, requiring Plaintiffs to release their claims against Defendant and to take necessary action to dismiss the case in exchange for a $100,000 payment. Release. No hearing is necessary, because Defendant does not dispute the existence or terms of the Release. *Swift*, 636 F. App'x at 156. Accordingly, Plaintiffs' Motion is granted. *See id.*

Plaintiffs assert, and Defendant has not disputed, that Defendant owes Plaintiffs $100,000.00 under the Release. Therefore, I will enter judgment against Defendant in this amount.

## Attorney's Fees

Additionally, Plaintiffs seek $1,328.25 in attorney's fees incurred in filing this motion, amounting to 5.25 hours of services provided by attorney Rebecca Richardson. Fees Chart, Richardson Decl. Ex. B, ECF No. 31-2, at 9. In calculating an award for attorney's fees, the Court must determine the lodestar amount, defined as a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. The Mills Corp.*, 549 F.3d 313, 320–21 (4th Cir. 2008); *see*

*Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) (stating that "[i]n addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award") (internal citations omitted). "[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010). In determining whether the lodestar results in a reasonable fee, this Court evaluates "the twelve well-known factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) and adopted by the Fourth Circuit in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978)." *Thompson v. HUD*, No. MJG-95-309, 2002 WL 31777631, at *6 (D. Md. Nov. 21, 2002) (footnotes omitted). Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to properly perform the legal service; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at *6 n.19 (citing *Johnson*, 488 F.2d at 717–19). However, the Supreme Court has noted (and experience awarding attorneys' fees has confirmed) that the subjective *Johnson* factors provide very little guidance and, in any event, that "the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee." *Perdue*, 559 U.S. at 551, 553 (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 549, 566 (1986)).

An hourly rate is reasonable if it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v.*

3

*Stenson*, 465 U.S. 886, 890 n.11 (1984); see *Thompson*, 2002 WL 31777631, at *6 n.18 (same). In Appendix B to its Local Rules (D. Md. Dec. 1, 2018), available at http://www.mdd.uscourts.gov/local-rules, this Court has established rates that are presumptively reasonable for lodestar calculations. *See*, *e.g., Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 509 (D. Md. 2000). Here, Plaintiffs seek a total of $1,328.25 in attorney's fees for 5.25 hours, which computes to an hourly rate of $253.00 per hour. Fees Chart. Appendix B to this Court's Local Rules, Rules and Guidelines for Determining Attorneys' Fees in Certain Cases, provides that $165–300 is a reasonable hourly fee for "[l]awyers admitted to the bar for five (5) to eight (8) years." Loc. R. App'x B, at 3.b. Plaintiffs' counsel Rebecca Richardson has "practiced exclusively in the field of labor and employee benefits since… 2012." Richardson Decl. ¶ 1. For an attorney of her experience, the hourly rate falls within the range of rates provided in Appendix B of this Court's Local Rules. *See* Loc. R. App'x B, at 3.b. Further, the nature of counsel's relationship with the clients and the hourly rate negotiated between them, Richardson Decl. ¶ 8, support a finding that the hourly rate is reasonable. Thus, I find that this rate is reasonable.

As for the hours expended, the Fees Chart lists the billable hours that Ms. Richardson spent on filing this motion. Ms. Richardson worked for a total of 5.25 hours. Fees Chart. Plaintiffs did not address the *Johnson* factors; however, counsel's experience, the amount involved and results obtained, and the length and nature of counsel's professional relationship with the clients support a finding that the number of hours expended were reasonable. Taking into account counsel's continued effort to obtain the settlement owed, I find that the amount of time spent on drafting and research pursuant to this Motion to Enforce Settlement Agreement is reasonable.

# **ORDER**

Accordingly, for the reasons stated in this Memorandum Opinion and Order, it is this 19th day of September, 2019, hereby ORDERED that:

1. Plaintiffs' Motion to Enforce Settlement Agreement, ECF No. 31, IS GRANTED;

2. Judgment IS ENTERED against Defendant Moxy Misc. Metals, LLC in favor of Plaintiffs in the amount of $101,328.25, representing $100,000.00 due pursuant to the Release and $1,328.25 in attorney's fees, which is awarded to Plaintiffs;

3. Post judgment interest shall accrue on this judgment at the statutory rate; and

4. The Clerk SHALL CLOSE this case.


Dated: September 19, 2019　　　　　　　　　　　_____/S/_____
　　　　　　　　　　　　　　　　　　　　　　　Paul W. Grimm
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge